## Redeker v. Baltz

*Duffy, McTighe & McElhone*, for plaintiff.

*Russell J. Brownback* and *Roger B. Reynolds*, for defendant.

KNIGHT, P. J., March 9, 1956.—Plaintiffs, Harry S. Redeker and Elizabeth M. Redeker, are husband

and wife. Defendant, Joseph M. Baltz, is engaged in the real estate business in Ardmore and resides at 206 Williamsburg Road, Ardmore. Prior to October 4, 1954, Mary A. Brady was the owner and occupant of 202 Williamsburg Road, Ardmore. In April, 1953, and on several occasions thereafter, Mary A. Brady advised plaintiffs that if she should offer her property at 202 Williamsburg Road for sale, she would give plaintiffs the first opportunity to purchase it.

Shortly prior to October 4, 1954, defendant placed his real estate sign on premises 202 Williamsburg Road, indicating that he was the exclusive agent of Mary A. Brady for the sale of the property. On September 27, 1954, Mary A. Brady offered to sell her property to plaintiffs. On October 4, 1954, plaintiffs and Mary A. Brady entered into an agreement of sale for the property. Prior to the execution of said agreement plaintiffs informed defendant of their understanding with Mary A. Brady and that they felt free to negotiate with her, notwithstanding defendant's real estate sign on the premises.

Upon being informed by Mary A. Brady of the agreement of sale, defendant intentionally and purposely interfered with the contractual rights of plaintiffs by inducing Mary A. Brady to avoid performance of her contract with plaintiffs. In the first count of the complaint plaintiffs base their cause of action on malicious interference with contract relations. Defendant filed preliminary objections in the nature of a demurrer.

Section 766 of the Restatement of the Law of Torts provides:

" . . . one who, without a privilege to do so, induces or otherwise purposely causes a third person not to (a) perform a contract with another, or (b) enter into or continue a business relation with another is liable to the other for the harm caused thereby."

It is to be noted that liability is only imposed if the conduct of the actor is not privileged. Section 770 provides: .

"One who is charged with responsibility for the welfare of another is privileged purposely to cause him not to perform a contract, or enter into or continue a business relation, with a third person if the actor

"(a) does not employ improper means and

"(b) acts to protect the welfare of the other."

The comment to this section states that: "The welfare which is the subject of the actor's responsibility may be . . . economic welfare." Defendant was the exclusive agent for the sale of 202 Williamsburg Road. It was his duty to seek the best possible price for the premises, and to give any advice which would be in furtherance of the agency relationship.

Defendant's opinion that he did not believe the agreement of sale to be enforceable and that Mary A. Brady should seek legal advice were not improper means nor unreasonable conduct. The purpose of defendant was directed toward protecting the interests of his principal. He believed the price paid to be inadequate and the contract unenforceable because it was believed to have been executed on the Sabbath. Therefore, defendant's conduct was privileged and the preliminary objection on this count is sustained.

The second count of the complaint is brought by plaintiff, Harry S. Redeker, against Joseph M. Baltz, defendant. Plaintiff is an attorney admitted to practice before the Supreme Court of Pennsylvania and the Court of Common Pleas of Philadelphia County. On October 4, 1954, following the transactions enumerated in the first count, defendant telephoned an executive of the insurance company where plaintiff is employed as an attorney and stated that in the execution of the agreement of sale plaintiff "had cheated Mary

A. Brady", and that what he had done "was despicable, was a dirty trick, and had been done unethically"'. Defendant also called a neighbor of plaintiffs and defendant and told him that plaintiff was a "thief, a crook, a cheat, and a no good son of a bitch", that he had "lied and misrepresented things to Mary A. Brady before she signed the agreement of sale" and that he had "stolen her property". Defendant also told the neighbor that he had telephoned the president of the insurance company where plaintiff was employed as an attorney to let them know "what type of crook and cheat was in their employ" and that he had also contacted the President of the Montgomery County Bar Association and "had put in motion steps that would have Harry S. Redeker disbarred". To this count of the complaint defendant filed preliminary objections in the nature of a demurrer and asks for judgment on the pleadings, or in the alternative he moves for a more specific pleadings.

The publication of such statements is slander per se. They not only impute the commission of a crime but also tend to prejudice plaintiff in his profession, business, trade or calling. Defendant, in his preliminary objections, alleges that the falsity of the statements must be pleaded in the complaint. Such a position is not tenable for the Act of August 21, 1953, P. L. 1291, sec. 1, 12 PS §1584a provides:

"(1) In an action for defamation, the plaintiff has the burden of proving, when the issue is properly raised:

"(a) The defamatory character of the communication;

"(b) Its publication by the defendant;

"(c) Its application to the plaintiff;

"(d) The recipient's understanding of its defamatory meaning;

"(e) The recipient's understanding of it as intended to be applied to the plaintiff;

"(f) Special harm resulting to the plaintiff from its publication;

"(g) Abuse of a conditionally privileged occasion.

"(2) In an action for defamation, the defendant has the burden of proving when the issue is properly raised:

"(a) The truth of the defamatory communication;

"(b) The privileged character of the occasion on which it was published;

"(c) The character of the subject matter of defamatory comment as of public concern."

Therefore, the preliminary objections to this count of the complaint are dismissed.

And now, March 9, 1956, for the foregoing reasons, the objections to the first count of the complaint are sustained and those to the second count are dismissed.